

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

FEB 28 2020 PM2:37
FILED-USDC-CT-NEW_HAVEN

Connecticut Financial Center        (203)821-3700
157 Church Street, 25th Floor       Fax (203) 773-5376
New Haven, Connecticut 06510        www.justice.gov/usao/ct

February 28, 2020

Hubert J. Santos, Esq.
Trent LaLima, Esq.
51 Russ Street
Hartford, CT 06106

    Re:    United States v. Donald Cariati Jr.
           Case No.

Dear Messrs. Santos and LaLima:

      This letter confirms the plea agreement between your client, Donald Cariati Jr. (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

**THE PLEA AND OFFENSE**

      In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a one-count information charging a violation of 26 U.S.C. § 7212(a).

      The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

      1. On or about the dates charged in the information, the defendant took the charged actions in an effort to obstruct or impede the administration of the Internal Revenue laws;

      2. The defendant acted corruptly; and

      3. There was a connection between the defendant's conduct and the targeted action (here, a civil audit).

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
Page 2

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of 3 years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than 1 year to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 1 year per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

This offense carries a maximum fine of $5,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense which is $5,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of $1,083,580.47, reflecting the criminal loss calculation of additional tax due and owing for the relevant years. The Government agrees that the restitution amount should be reduced by payment of back taxes to the IRS by another source to include Cariati Developers, Inc., to the extent that the back taxes are applied to the same obligation giving rise to the restitution amount (specifically, unpaid Withholding Taxes as described in the Stipulation of Offense Conduct for 2013 through 2017). Prior to sentencing, IRS-CI will endeavor to determine whether individuals included in the restitution computation

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
Page 3

above reported and paid over the appropriate income tax and payroll taxes for 2013 through 2017, focusing specifically on individuals who received Forms 1099 from the defendant's company for 2016 and/or 2017. To extent those amounts were paid over by individuals, those amounts will be credited against the defendant's restitution obligation. The defendant further agrees that he will sign the IRS forms deemed necessary by the IRS to enable it to make assessment of the agreed-upon criminal restitution, including agreeing to sign IRS Form 8821, "Tax Information Authorization." The defendant further agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the United States Attorney's Office and the IRS to enable them to investigate any taxes owed by the defendant, including, but not limited to, any civil penalties and interest. With respect to disclosure of the criminal file to the above-listed individuals and entities, the defendant waives any rights the defendant might hold under 26 U.S.C. §§ 6103, 7213, and Fed. R. Crim. P. 6(e). The defendant further waives any other rights he might have to non-disclosure of tax-related information. The defendant agrees as a special condition of probation or supervised release that he will cooperate with the IRS to pay all outstanding taxes, interest, and penalties.

If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of probation or supervised release, the IRS will use the restitution order as the basis for a civil assessment. 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
Page 4

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
Page 5

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. §§ 2T1.1 and 2T4.1(H) (for loss of more than $550,000, but less than $1.5 million) is 20. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 17.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 17, assuming a Criminal History Category I, would result in a range of 24 to 30 months of imprisonment (sentencing table) and a fine range of $10,000 to $95,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 1 year. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
*Page 7*

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 30 months of imprisonment, a 1-year term of supervised release, a $100 special assessment, a $95,000 fine, and restitution as agreed to herein, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
Page 8

undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

### SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

### COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

### SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in attempting to obstruct an IRS audit, which forms the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
Page 9

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

JENNIFER R. LARAIA
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

DONALD CARIATI JR.
The Defendant

2/28/20
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

HUBERT SANTOS, ESQ.
TRENT LALIMA, ESQ.
Attorneys for the Defendant

2/28/20
Date

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
Page 10

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the information:

1. The defendant operated a business known as Cariati Developers, Inc. Through that business, he hired a number of people to perform functions such as mechanic work, hauling, snow plowing, and office work. Between 2013 and 2017, Cariati paid and/or caused to be paid a number of these individuals with company checks, rather than through a payroll company, asserting that they were independent contractors or subcontractors.

2. When someone is appropriately an independent contractor earning a particular amount of income, the company paying the independent contractor is required to issue a Form 1099. Employees, on the other hand, receive a Form W-2, and an employer is responsible for withholding and collecting income taxes that are owed by employees to the IRS and reporting the withholdings to the IRS on a quarterly basis. In addition, a business is required to withhold and collect the employees' share of Social Security and Medicare taxes, and to pay over the employer's share of the required contributions to Social Security/Medicare taxes. These income tax withholdings and Social Security/Medicare taxes (both employee and employer share), hereinafter referred to as "Withholding Taxes," are to be reported to the IRS on the employer's quarterly federal tax return ("Form 941") and are to be timely filed with the IRS before the end of the month that follows the quarter's end.

3. Cariati, knowing that many individuals he asserted were subcontractors were really appropriately employees, paid them with company checks in order to evade the responsibility to withhold the taxes discussed above, and to pay over such taxes. Moreover, Cariati would and did inform certain individuals that they were paid off the books—meaning that their pay was not reported to the IRS. Consistently, for 2013 through 2015, Cariati Developers, Inc. failed to issue Forms 1099 to Cariati's "subcontractors." Only during an audit which IRS conducted of Cariati Developers, Inc. for 2013, 2014, and 2015, did Cariati cause Forms 1099 to be produced to the IRS for 2013 and 2014.

4. During the course of the audit discussed above, Cariati's accountant/representative made available invoices to the IRS revenue agent which purported to substantiate that individuals were appropriately considered subcontractors. Those invoices were purported to have been created in 2013, by people including an individual with initials "M.S." for work performed. However, generally, M.S. and others whose names appeared on the invoices did not actually create the invoices in 2013. Instead, Cariati created and/or caused others to create those false documents to be provided to the revenue agent for the purpose of obstructing the revenue agent's audit of Cariati Developers, Inc.'s records and tax return, and to prevent the revenue agent from assessing tax.

5. In 2015, 2016, and 2017 Cariati paid certain individuals partially "on the books," as employees receiving Forms W-2, and partially "off the books," wherein Forms 1099 were not issued for those "off the books" amounts. Cariati caused Forms 1099 to be issued for 2016 and

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
Page 11

2017, knowing that individuals should have been paid as employees, and that Withholding Taxes should have been withheld and paid over. In addition, in 2016 and 2017, Cariati failed to issue Forms 1099 to a number of people who performed work for the company.

6. During the audit, in or about December 2016, Cariati also caused his accountant/representative to provide a false invoice to the IRS revenue agent in connection with the purchase of products for a cigarette boat in 2014. The original invoice from the sales company was billed to "Donny Cariata," and used the defendant's home address as the "ship to" address. The false invoice submitted to the IRS altered and obscured the description of the main items purchased, and was billed to Cariati Developers and used the business as the "ship to" address. These falsities were designed to hide the fact that the purchase was for personal expenditures, and not a business expense. In fact, Cariati Developers, Inc. paid the invoice, and recorded the invoice as a business expense. Cariati's submission of the false invoice was designed to obstruct and impede the IRS audit and to prevent tax from being assessed.

6. The parties agree that the relevant tax loss for under the Guidelines is between $550,000 and $1,500,000. That range accounts for the fact that Cariati Developers Inc. failed to account for, withhold, and pay over income tax withholdings, the employees' share of Withholding Taxes, and the employer's portion of the Withholding Taxes during the years at issue. It should be noted that, particularly with respect to employees to whom Forms 1099 were issued for 2016 and 2017, some of those individuals may have reported their income on their Forms 1040 as reported on the Forms 1099 and may have paid over the equivalent amount of income tax and other taxes that otherwise would have been withheld and paid over by Cariati had those individuals been appropriately treated as employees.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
DONALD CARIATI JR.
The Defendant

_____
JENNIFER R. LARAIA
ASSISTANT UNITED STATES ATTORNEY

_____
HUBERT SANTOS, ESQ.
TRENT LALIMA, ESQ.
Attorneys for the Defendant

## RIDER CONCERNING RESTITUTION

The Court may order that the defendant make restitution under 18 U.S.C. § 3663 as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
*Page 13*

may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.

Hubert Santos, *Esq.*
Trent LaLima, *Esq.*
*Page 13*